# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| KERRY NICOLE LAMB, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 3:07-0702 |
| ) | Judge Trauger |
| SPORTSSTUFF, INC. and ) | |
| WORLD PUBLICATIONS, LLC, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Defendant World Publications, LLC has filed a Motion for Summary Judgment as to the Statute of Limitations (Docket No. 26), to which the plaintiff has responded (Docket No. 35), and defendant World Publications has replied (Docket No. 48). The plaintiff argues that her case has been timely filed for several different reasons. Because her argument with reference to the Bankruptcy Code is dispositive, the court will only address that issue.

It is undisputed that the plaintiff was injured on May 29, 2006, that she filed for Chapter 7 bankruptcy protection on May 16, 2007, and that she filed this case, originally in state court, on May 30, 2007. Although the plaintiff did not disclose her claim against the defendants in her original bankruptcy petition, she revealed it at her meeting of creditors on June 11, 2007 and subsequently amended her schedules to disclose the claim. There is no question but that this action is an asset of the bankruptcy estate under 11 U.S.C.§ 541. The trustee has secured an order from the bankruptcy court, appointing plaintiff's counsel in this case as counsel for the trustee, and any recovery made in this case will be for the benefit of the bankruptcy estate. The trustee will be substituted for Kerry Nicole Lamb as the proper party plaintiff in this case pursuant to 11 U.S.C. § 541 and 704.

The plaintiff argues that 11 U.S.C. § 108 extends by two years the time within which this

1

case had to be brought, in that the plaintiff filed for Chapter 7 bankruptcy protection within the one-year state law statute of limitations applicable to the claims in this case. That provision provides as follows:

> (a) If applicable nonbankruptcy law, an order entered in a nonbankruptcy proceeding, or an agreement fixes a period within which the debtor may commence an action, and such period has not expired before the date of the filing of the petition, the trustee may commence such action only before the later of -
>     (1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or
>     (2) two years after the order of relief.

11 U.S.C. § 108(a)   The one-year statute of limitations had not expired at the time of the filing of the bankruptcy petition on May 16, 2007. Therefore, pursuant to the operation of this statute, the statute of limitations was extended to expire two years after the order for relief, which was entered on the date of the filing of the petition on May 16, 2007. (Docket No. 47-2 at 2) Suit was filed a mere two weeks after the order for relief was entered.

The construction of 11 U.S.C. § 108(a), as it applies to this case, turns on whether the plaintiff, who filed this case, may benefit from the extension of the statute of limitations provided by the explicit wording of this statute only to the trustee. The statute refers to "the trustee" commencing an action, not the debtor herself. Relying principally upon *In Re Craig*, 7 B.R. 864 (Bankr. E.D.Tenn. 1980), defendant World Publications argues that only the trustee gets the benefit of this extension of time, not a debtor herself (Docket No. 48 at 6-7). However, Chief Judge Ralph H. Kelley of that very bankruptcy court, nine years later, distinguished the *Craig* decision and ruled that, if the suit is for the benefit of the bankruptcy estate, even the debtor may receive the two-year extension provided in §108(a). *In Re: Gaskins*, 98 B.R.328, 330-31(Bankr.E.D. Tenn. 1989). He distinguished *Craig* by pointing out that, there, the Chapter 7 trustee had abandoned the claim which was the subject of the lawsuit and that, therefore, the bankruptcy estate would not benefit from the

2

case. This is an important distinction for the facts of this case. In this case, not only has Chapter 7 Trustee Samuel K. Crocker not abandoned this claim as a possible asset of the bankruptcy estate, but he has filed a Statement asserting that "The action is an asset of the bankruptcy estate." (Docket No. 47-1 at 2) Moreover, he accurately posits that "the proper plaintiff in this action is the Trustee and the Trustee should be substituted as the party plaintiff; the Trustee is not an additional plaintiff but the sole plaintiff pursuant to 11 U.S.C. § 541 and 11 U.S.C. § 704." (Id. at 3) This case is clearly an asset of the Chapter 7 bankruptcy estate of plaintiff, Kerry Nicole Lamb. Therefore, under the reasoning in *Gaskins*, the debtor's filing of this case receives the benefit of the statute of limitations extension provided in § 108(a).

For the reasons expressed herein, it is hereby ORDERED that the Motion for Summary Judgment as to the Statute of Limitations filed by defendant World Publications, LLC., (Docket No. 26) is DENIED. It is further ORDERED that the Chapter 7 Trustee, Samuel K. Crocker, is SUBSTITUTED in this case for the plaintiff Kerry Nicole Lamb. All further filings in this case should refer to the plaintiff as Chapter 7 Trustee Samuel K. Crocker.

It is so **ORDERED**.

ENTER this 25th day of March 2008.

ALETA A. TRAUGER
U.S. District Judge

3

Case 3:07-cv-00702   Document 49   Filed 03/25/08   Page 3 of 3 PageID #: 382